IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO VILLASENOR, | ) | No. C 11-3662 LHK (PR) |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANT'S MOTION TO |
| vs. | ) ) | DISMISS |
| MATTHEW CATE, | ) | (Docket No. 14) |
| Defendant. | ) ) ) | |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendant Matthew Cate, alleging that he was deliberately indifferent to Plaintiff's serious medical needs. Defendant has moved to dismiss this action for failure to exhaust. Although given the opportunity, Plaintiff has not filed an opposition. Having carefully considered the papers submitted, the Court GRANTS Defendant's motion to dismiss for the reasons set out below.

**BACKGROUND**

According to the operative complaint, Plaintiff fractured his nose in November 2002. (Compl. at 2.) Plaintiff alleges that he spent the next eight years being transferred among different institutions, which resulted in the delay of needed surgery to his nose. (*Id.* at 2-4.) Plaintiff claims that Defendant was deliberately indifferent to his serious medical needs because the prison system was fraught with systemic deficiencies which caused the lengthy delay.

Order Granting Defendant's Motion to Dismiss
G:\PRO-SE\SJ.LHK\CR.11\Villasenor662mtdexh.wpd

# DISCUSSION

I.     Legal Standard

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 28 U.S.C. § 1997e(a). Nonexhaustion under § 1997e(a) is an affirmative defense; that is, Defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. *Id.* at 1120.

Failure to exhaust is an affirmative defense under the PLRA. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *Id.* at 215-17. As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. Cal. Code Regs. tit. 15, § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 ("602") and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member, (2) first formal

1  level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal
2  filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR
3  director or designee ("Director's level").  Cal. Code Regs. tit. 15, § 3084.5; *Brodheim v. Cry*,
4  584 F.3d 1262, 1264-65 (9th Cir. 2009).  This satisfies the administrative remedies exhaustion
5  requirement under Section 1997e(a).

6  II.    Analysis

7        Defendant argues that Plaintiff failed to exhaust his claim.  Defendant alleges that there is
8  no record that Plaintiff has ever filed a grievance alleging systemic deficiencies in the prisons,
9  much less a grievance addressed at the Director's level of review.  Between 2002 and 2011, the
10 Office of Third Level Appeals notes that Plaintiff had filed nineteen inmate grievances.  (Decl.
11 Foston, Ex. A.)  Out of those nineteen, only one of those grievances concerned a medical issue.
12 (*Id.*)  However, that grievance was exhausted in 2003, and, because it did not concern a systemic
13 problem with the prison's medical care, it did not serve to exhaust Plaintiff's underlying federal
14 claim.  (*Id.* at ¶ 9.)  *See, e.g.*, *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("a
15 grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.").

16       After 2003, Plaintiff filed only two other medical grievances to the Director's Level of
17 Review.  (Decl. Zamora at ¶ 6.)  Neither appeal served to exhaust Plaintiff's federal claim.  One
18 appeal – CVSP-13-09-11238 – was screened out for failing to sign the form.  (*Id.*, Ex. B.)
19 Plaintiff was instructed to complete the form and resubmit the appeal but ultimately failed to do
20 so.  (*Id.*)  The obligation to exhaust persists as long as some remedy is available; when that is no
21 longer the case, the prisoner need not further pursue the grievance.  *Brown v. Valoff*, 422 F.3d
22 926, 934-35 (9th Cir. 2005).  Because some remedy was still available, Plaintiff was required to
23 complete the grievance process in order to satisfy exhaustion.

24       The second appeal Plaintiff submitted to the Director's level of review was ASP 01-08-
25 10875.  (Decl. Zamora at ¶ 8.)  It was rejected for failing to meet the agency's time constraints.
26 (*Id.*, Ex. C.)  The law is clear that the PLRA's exhaustion requirement cannot be satisfied "by
27 filing an untimely or otherwise procedurally defective administrative grievance or appeal."
28

Order Granting Defendant's Motion to Dismiss
G:\PRO-SE\SJ.LHK\CR.11\Villasenor662mtdexh.wpd

1  *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  The PLRA exhaustion requirement requires proper
2  exhaustion.  *Id.*  "Proper exhaustion demands compliance with an agency's deadlines and other
3  critical procedural rules because no adjudicative system can function effectively without
4  imposing some orderly structure on the course of its proceedings."  *Id.* at 90-91 (footnote
5  omitted).  Because Plaintiff's submission of ASP 01-08-10875 to the Director's Level of Review
6  was untimely, it was not exhausted.

7  Even assuming that Plaintiff properly pursued these two grievances through to the
8  Director's Level of Review, his federal claim regarding a systemic problem would still be
9  unexhausted because, liberally construed, the grievances do not have the same subject and same
10 request for relief as Plaintiff's federal claim.  *See generally O'Guinn v. Lovelock Correctional*
11 *Center*, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (concluding that with liberal construction,
12 grievance requesting a lower bunk due to poor balance resulting from a previous brain injury
13 was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial
14 of mental health treatment in violation of the ADA and Rehabilitation Act).

15 Thus, because Plaintiff failed to exhaust his administrative remedies prior to filing suit,
16 Defendant's motion to dismiss is GRANTED.

## CONCLUSION

Defendant's motion to dismiss is GRANTED.  Judgment shall be entered in favor of Defendant.  The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 5/10/12

LUCY H. KOH
United States District Judge

Order Granting Defendant's Motion to Dismiss
G:\PRO-SE\SJ.LHK\CR.11\Villasenor662mtdexh.wpd

4