UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO VILLASENOR,

    Plaintiff,

v.

MATTHEW CATE,

    Defendant.

Case No. 11-cv-03662-WHO (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND;**

**ORDER DENYING DEFENDANTS' MOTIONS WITHOUT PREJUDICE**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a pro se state prisoner. **The complaint is dismissed with leave to file an amended complaint on or before February 24, 2014.**

## DISCUSSION

Plaintiff Francisco Villasenor claims that Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), violated his Eighth Amendment rights by providing constitutionally inadequate medical care, the result of his oversight of a malfunctioning prison medical care system.

According to Villasenor, in November 2002, he fell down a flight of stairs, fracturing his nose. (Compl. at 2). A doctor at Salinas Valley State Prison scheduled

plaintiff for surgery with a specialist, but Villasenor was transferred before the surgery could be performed. (*Id.*) Over the next eight years, he was transferred among various prisons, and never received surgery on his nose. (*Id.* at 2–3). Plaintiff filed a medical appeal (CEN-03-00920), which was denied and exhausted on December 23, 2003. (Motion to Dismiss ("MTD"), Foston Decl. ¶ 8).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Villasenor's allegations are conclusory, lacking the factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. He names Matthew Cate, the Direction of the CDCR, as the sole defendant, yet his conclusory allegations fail to connect Cate to the underlying Eighth Amendment claims. The Court understands the complaint to allege that at each of six facilities the health care staff scheduled him for surgery on his nose but failed to have the surgery performed or to have him placed on medical hold prior to transfer. More specific factual allegations are necessary, such as the dates he made each institution aware of his condition, the names/positions of the prison employees and health care staff involved, the length of his stay at each institution, the dates/substance of any relevant medical contacts or specific actions by defendant Cate or other prison officials or medical staff.

The reason that these allegations are particularly important is that this action may be barred by the statute of limitations. Villasenor asserts that in 2003 he exhausted his administrative remedies about the claims raised here. However, he did not file this action until 2011. As of 2002, the statute of limitations for civil actions filed in California is two years, as set forth at California Civil Procedure Code § 335.1. Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here: the defense appears complete and obvious from the face of the complaint because this action was filed more than two years after the occurrence of many of the acts and omissions alleged in the complaint. Plaintiff should state facts relevant to the statute of limitations issues identified here when he amends his complaint.

In light of the above, the complaint is DISMISSED with leave to amend. Villasenor shall file an amended complaint on or before February 24, 2014. The first amended complaint must include the caption and civil case number used in this order (11-3662 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, Villasenor must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

1  Defendants' motions to dismiss and to strike (Docket Nos. 14 and 41) are DENIED
2  without prejudice.  Villasenor's motion for a case status update (Docket No. 44) is
3  GRANTED.  A copy of the docket summary will be sent to him.
4  The Clerk shall terminate Docket Nos. 14, 41, and 44.
5  **IT IS SO ORDERED.**
6  **Dated:** January 7, 2014

WILLIAM H. ORRICK
United States District Judge